**LINCOLN SQUARE LEGAL SERVICES, INC.**

Fordham University School of Law
150 West 62nd Street, Ninth Floor
New York, NY 10023

Tel 212-636-6934
Fax 212-636-6923

January 5, 2024

VIA ECF
The Honorable Valerie Figueredo
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

> SO ORDERED
>
> [signature]
>
> VALERIE FIGUEREDO
> United States Magistrate Judge
> Dated: January 9, 2024
>
> A conference in this matter is hereby scheduled for **Tuesday, January 30, 2024, at 11:00 a.m.** Defendant's counsel is directed to file any letters of response by **Thursday, January 25, 2024**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 70.

Re: Castillo v. United States of America, No. 21-Civ-000 7 (VF)

Your Honor,

We write on behalf of Plaintiff Josefa Castillo ("Ms. Castillo") in the above-captioned matter. As set forth below, we respectfully request a discovery conference with the Court to compel a response to a request for admission that we propounded in accordance with Fed. R. Civ. P. 37.

Relevant Background

Ms. Castillo filed this action against the United States asserting that she is entitled to damages under I.R.C. § 7431. In violation of I.R.C. § 6103, the IRS, by and through its employees Theresa Brideson, Valerie Downs and others—in blatant and continuous disregard of numerous trainings and IRS protocols—disclosed Ms. Castillo's confidential return information to a person whom they knew was not authorized to receive it. On at least two subsequent occasions, Ms. Brideson, fearing adverse consequences to her employment at the IRS, attempted to cover-up the unauthorized disclosure at issue here.[1]

The Defendant has admitted that it made an unauthorized disclosure of Plaintiff's confidential information and this Court granted judgment in Plaintiff's favor on the issue of Defendant's liability. Plaintiff asserts that she is entitled to punitive damages because the unauthorized disclosure was the result of gross negligence, plus costs and attorneys fees. I.R.C. § 7431(c).

Discovery Issue

The parties have unsuccessfully attempted to resolve a dispute regarding ***the fact that Ms. Bridson was made aware of the unauthorized disclosure in December of 2019.*** Plaintiff attempted to elicit this fact through her First Requests for Admissions. Defendant, without legal support, objected based on the attorney-client privilege. (Exhibit A and B, respectively.)

Defendant admits that on December 9, 2019, Plaintiff's attorneys sent a letter for settlement purposes to Kevin Oveisi, the IRS Office of Chief Counsel attorney representing the

---

[1] Courts have held that a cover-up can establish gross negligence. *Bellinger v. Kram*, 319 Mich. App. 653, 660 (2017); *Maiden v. Rozwood*, 461 Mich. 109, 128-130 (1999) (finding gross negligence when an examiner covered up an autopsy he conducted without proper knowledge or skill).

Commissioner in Ms. Castillo's Tax Court case. (Exhibit C, without attachments). In that letter, Plaintiff inquired about the unauthorized disclosure at issue here. On December 17, 2019, Mr. Oveisi called the undersigned in response to the letter, and stated that he had recently spoken to Ms. Brideson about the unauthorized disclosure. Thus, there can be no dispute that Ms. Brideson was made aware of the unauthorized disclosure in December of 2019. Yet, Defendant refuses to admit this fact by using an inappropriate assertion of the attorney-client privilege.

Facts are not protected by the attorney-client privilege. The protection extends only to communications, not to facts. Further, the fact that Plaintiff is seeking to confirm was not communicated to an attorney by a client who intended it to be confidential. On the contrary, the information was imparted by Mr. Oveisi to Ms. Brideson with the understanding that he would be discussing the matter with the Plaintiff in response to her settlement letter. Even if Ms. Brideson's response or other portions of the conversation were privileged, that is not what the Plaintiff is seeking to elicit. Further, if the privilege applies, it was waived when Mr. Oveisi told Plaintiff's attorney that he made Ms. Brideson aware of the unauthorized disclosure.

Admissions is the most judicially efficient way for the two parties to agree on this uncontroverted fact. Defendant should be compelled to provide an affirmative response to Plaintiff's Request for Admission No. 2.

A.  Defendant has the burden to justify its assertion of attorney-client privilege.

The Defendant bears the burden of proving that privilege applies. *ABB Kent-Taylor, Inc. v. Stallings & Co., Inc.*, 172 F.R.D. 53, 58 (W.D.N.Y. 1996) (party claiming benefit of attorney-client privilege has burden of establishing all the elements of the privilege he is claiming).

B. The attorney-client privilege does not protect the fact that Ms. Bridson was made aware of the unauthorized disclosure in December of 2019.

Facts are not privileged. Facts remain discoverable regardless of to whom they have been communicated. *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."). A fact cannot be immunized from discovery by communicating it to an attorney. *In re Martenson*, 779 F2d 461 (8th Cir. 1985) (privilege does not apply where the question solicited only facts regarding background and the purchase of a boat). *United States v. Silverman*, 430 F2d 106 (2nd Cir. 1970, *modified*  439 F2d 1198 (2nd Cir. 1970) (statements made by an attorney should not be privileged unless they reveal confidential statements made by the client.); *See also*, *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 429, 435–436 (E.D. Pa. 1981) (who was present at meeting, whether meeting occurred, and general purpose of meeting was not privileged information).  Further, information obtained by the attorney from third parties and a client's knowledge of a fact is not covered by the privilege. 3 *Weinstein's Federal Evidence* § 503.14.

No confidentiality exists when communications are made with the intention that the information will be disclosed. *United States v. Tellier*, 255 F.2d 441, 447 (2d Cir. 1958) (it is well established that communications between an attorney and his client are not privileged if it was understood

that the information communicated in the conversation was to be conveyed to others). To be privileged, a communication must be made with the intention that it will remain confidential.

It is undisputed that Mr. Oveisi contacted Ms. Brideson about the Plaintiff's letter and that the two spoke about the unauthorized disclosure. This is a fact, and it is subject to discovery. It was not part of a confidential communication; it does not concern a confidential statement made by Ms. Brideson or the IRS to their attorney. Mr. Oveisi contacted Ms. Brideson about the matter to prepare his response to the Plaintiff's settlement letter, thus there was no intention that it would be kept confidential. In December of 2019, Mr. Oveisi explained to the Plaintiff's attorney that he and Ms. Brideson discussed the unauthorized disclosure. The fact that she was made aware of the unauthorized disclosure is not protected by the attorney-client.

Discovery Meetings

The parties had numerous meetings regarding discovery. The most recent meeting took place on November 16, 2023, and lasted about 30 minutes. The parties discussed the resolution of all outstanding discovery items. The undersigned attended for the plaintiff and Tara Schwartz and David Faber attended on behalf of the Defendant. The Defendant stated without legal support that the fact that Ms. Bridson was made aware of the unauthorized disclosure in December of 2019 was protected the attorney-client privilege. Plaintiff suggested, and Defendant agreed, that the parties might resolve the dispute through Admissions. The parties also agreed that if this dispute was not resolved through Admissions, then Plaintiff would file a motion to compel on or before January 5, 2024.

The Plaintiff issued a First Request for Admissions on November 17, 2023, and the Defendant responded on December 15, 2023. In its response, the Defendant objected to Request for Admission number 2, alleging that the fact that Ms. Brideson was informed of the unauthorized disclosure in or around December of 2019 was protected by the attorney-client privilege.

Conclusion

Defendants cannot meet their burden to assert that attorney-client privilege protects the fact that the Plaintiff seeks to elicit. Therefore, Plaintiff respectfully requests a discovery conference with the Court to compel Defendant's response to request for admission # 2.

Respectfully,

*Elizabeth Maresca*
Elizabeth Maresca
Attorney for Plaintiff

cc: Tara Schwartz and David Farber (via ECF)

Attachments:
Exhibit A – Plaintiff's First Requests for Admissions
Exhibit B – Defendant's Responses and Objections to Plaintiff's Requests for Admissions
Exhibit C - Plaintiff's December 9, 2019 letter (w/o attachments)

3